UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA MAYS, *et al.*, | Case No. 5:16-cv-11519-JCO-MKM |
| Plaintiffs, | Genesee County Circuit Court No. 16-106112-CZ |
| v | |
| CITY OF FLINT, a municipal corporation, *et al.*, | Judge John Corbett O'Meara |
| | Magistrate Judge Mona K. Majzoub |
| Defendants. | CLASS ACTION |

### MDEQ DEFENDANTS' JOINT MOTION TO STAY REMAND ORDER PENDING APPEAL AND EX PARTE EMERGENCY REQUEST FOR THE COURT CLERK TO REFRAIN FROM MAILING A CERTIFIED COPY OF THE REMAND ORDER

Defendants Patrick Cook, Adam Rosenthal, Michael Prysby, Liane Shekter Smith, Stephen Busch, and Bradley Wurfel (collectively the "MDEQ Defendants" or "these Defendants"), by and through their counsel of record, move this Court to stay its Order of Remand (Dkt. No. 50) and request ex parte that the Court Clerk refrain from mailing a certified copy of the Remand Order to the state court clerk for the following reasons:

1.      On October 6, 2016, the Court issued an Opinion and Order granting Plaintiffs' Motion for Remand. (Dkt. No. 50). MDEQ Defendants are appealing this Court's Order to the Sixth Circuit Court of Appeals, as they believe this case

was properly removed to federal court and that the Court should have denied Plaintiffs' Motion for Remand.

2. On October 19, 2016, MDEQ Defendants filed a timely Notice of Appeal in this Court (Dkt. No. 52).

3. MDEQ Defendants have a right to appeal the Remand Order pursuant to 28 U.S.C. § 1447(d), because this case was removed in part pursuant to 28 U.S.C. § 1442.

4. MDEQ Defendants request that this Court stay the Remand Order while the appeal is pending, which will effectively stay all case proceedings, because allowing the case to be remanded and proceed in the state court would render MDEQ Defendants' statutory right to appeal the remand order hollow.

5. MDEQ Defendants request that this Court stay the Remand Order to avoid the unnecessary time, expense, and burden that would be undertaken by all parties for motion practice, discovery, hearings, and potentially trial in the state court while the Sixth Circuit Court of Appeals considers whether this case should proceed in a state or federal court.

6. Further, MDEQ Defendants request ex parte that the Court Clerk refrain from mailing a certified copy of the Remand Order to the state court clerk, as required by 28 U.S.C. §1447(c), until the Court has decided the present Motion for Stay.

7. On October 19, 2016, counsel for MDEQ Defendants sought Plaintiffs' concurrence in this Motion pursuant to E.D. Mich. L.R. 7.1(a) via phone, explaining the nature of the Motion and the requested concurrence. However, Plaintiffs' counsel has not provided concurrence in the relief sought.

8. MDEQ Defendants further rely upon the attached Brief in Support of this Joint Motion.

WHEREFORE, MDEQ Defendants respectfully request that this Court enter an Order staying the Court's Remand Order (Dkt. No. 50) pending Defendants' appeal of the Court's Remand Order, grant their ex parte emergency request to refrain from mailing a certified copy of the remand order to the clerk of the state court pursuant to 28 U.S.C. §1447(c) until the Court has ruled upon MDEQ Defendants' Motion to Stay, and grant such other relief as this Court deems proper.

Respectfully submitted,

Dated: October 19, 2016

| | |
|---|---|
| Foster, Swift, Collins & Smith, P.C.<br>Attorneys for Defendant Patrick Cook,<br>Adam Rosenthal, and Michael Prysby | Fraser, Trebilcock, Davis & Dunlap<br>Attorneys for Defendant Liane<br>Shekter Smith |
| By: /s/ *Charles E. Barbieri*<br>     Charles E. Barbieri (P31793)<br>     Bruce A. Vande Vusse (P28547)<br>     Ray H. Littleton II (P69733)<br>     Allison M. Collins (P78849)<br>     313 S. Washington Square<br>     Lansing, MI 48933<br>     (517) 371-8100<br>     cbarbieri@fosterswift.com | By: /s/ *Thaddeus E. Morgan* (w/permission)<br>     Thaddeus E. Morgan (P47394)<br>     124 West Allegan Street, St 1000<br>     Lansing, MI 48933<br>     (517) 482-5800<br>     tmorgan@fraserlawfirm.com |

| | |
|---|---|
| Clark Hill PLC<br>Attorneys for Bradley Wurfel | Kotz Sangster Wysocki, P.C.<br>Attorneys for Stephen Busch |

By: <u>/s/ *Michael Pattwell*</u> (w/permission)
    Jay M. Berger (P57663)
    Michael J. Pattwell (P72419)
    212 E. Grand River Ave.
    Lansing, Michigan 48906
    (517) 318-3043
    <u>jberger@clarkhill.com</u>
    <u>mpattwell@clarkhill.com</u>

By: <u>/s/ *Philip Grashoff, Jr*</u> (w/permission)
    Philip A. Grashoff, Jr. (P14279)
    36700 Woodward Ave., Suite 202
    Bloomfield Hills, MI 48304
    (248) 646-1050
    <u>pgrashoff@kotzsangster.com</u>

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 19, 2016, I directed Wendy Paul to electronically file the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

Dated: October 19, 2016
                         <u>s/ Charles E. Barbieri</u>
                         Charles E. Barbieri (P31793)
                         Foster, Swift, Collins & Smith, P.C.
                         313 S. Washington Square
                         Lansing, MI 48933-2193
                         (517) 371-8155
                         <u>cbarbieri@fosterswift.com</u>

32972:00001:2846099-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA MAYS, *et al.*, | Case No. 5:16-cv-11519-JCO-MKM |
| Plaintiffs, | Genesee County Circuit Court No. 16-106112-CZ |
| v | |
| CITY OF FLINT, a municipal corporation, *et al.*, | Judge John Corbett O'Meara |
| | Magistrate Judge Mona K. Majzoub |
| Defendants. | CLASS ACTION |

**MDEQ DEFENDANTS' BRIEF IN SUPPORT OF JOINT MOTION TO STAY REMAND ORDER PENDING APPEAL AND EX PARTE EMERGENCY REQUEST FOR THE COURT CLERK TO REFRAIN FROM MAILING A CERTIFIED COPY OF THE REMAND ORDER**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

INDEX OF AUTHORITIES ......................................................................................... ii

ISSUE PRESENTED ................................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... iv

INTRODUCTION .......................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 1

ARGUMENT ................................................................................................................... 2

I.    STANDARD OF REVIEW ................................................................................ 2

II.   THE DISTRICT COURT SHOULD STAY ITS REMAND ORDER PENDING MDEQ DEFENDANTS' APPEAL OF THE OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND. ................................................................................................................ 3

     A.    MDEQ Defendants Can Show the Existence of "Serious Questions Going to the Merits" of Their Appeal ................................... 4

     B.    Allowing the Case to be Remanded and Proceed in State Court While the Appeal is Pending Would Cause Irreparable Harm to MDEQ Defendants. ................................................................................. 6

     C.    The Public Interest Weighs in Favor of Staying the Remand Order Pending the Outcome of the Appeal, Which Would Not Create Irreparable Harm to Plaintiffs. ................................................ 7

CONCLUSION AND REQUEST FOR RELIEF ...................................................... 8

# INDEX OF AUTHORITIES

**Cases**

*Bennett v. MIS Corp.*, 607 F.3d 1076 (6th Cir. 2010).................................................. 4

*Clio Convalescent Center v. Mich. Dept. of Consumer and Industry Services*, 66 F. Supp. 2d 875 (E.D. Mich. 1999)............................................................ 5

*Dalton v. Walgreen Co.*, 2013 U.S. Dist. LEXIS 75086 (E.D. MO May 29, 2013 (unpublished)................................................................................... 2, 6

*In re Shell Oil Co.*, 932 F.2d 1523 (5th Cir. 1991) ...................................................... 2

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991)........................................................................... 3, 4

*Mobley v. City of Detroit*, 938 F. Supp. 2d 688 (E.D. Mich. 2013)........................... 2

*Sims Varner & Assocs., Inc. v. Blanchard*, 794 F.2d 1123, 1128 (6th Cir. 1986)................................................................................................................ 6

*Watson v. Phillip Morris Cos.*, 551 U.S. 142; 127 S. Ct. 2301; 168 L. Ed. 2d 42 (2007) ........................................................................................................ 5

**Statutes**

28 U.S.C. § 1442 ..................................................................................................... 2, 4, 6

28 U.S.C. § 1447(c).................................................................................................... 1, 8

28 U.S.C. § 1447(d).................................................................................................... 2, 6

**Rules**

Federal Rule of Appellate Procedure 8(a)(1)(A)........................................................ 2

## ISSUE PRESENTED

1. Whether this Court's Remand Order should be stayed pending the outcome of MDEQ Defendants' Joint Appeal of the Remand Order to protect MDEQ Defendants' statutory right to review of the Remand Order under 28 U.S.C. § 1442 and to avoid potentially unnecessary expenses, briefing, and proceedings in the state court?

MDEQ Defendants would answer "yes."

Plaintiffs would answer "no."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C § 1447(d)

Federal Rule of Appellate Procedure 8

*Mobley v. City of Detroit*, 938 F. Supp. 2d 688, 690 (E.D. Mich. 2013)

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)

## INTRODUCTION

Defendants Patrick Cook, Adam Rosenthal, Michael Prysby, Stephen Busch, Liane Shekter Smith, and Bradley Wurfel (collectively "MDEQ Defendants" or "these Defendants") are appealing the Court's Opinion and Order Granting Plaintiffs' Motion for Remand (Dkt. No. 50), issued on October 6, 2016. MDEQ Defendants ask this Court to stay its Remand Order pending the outcome of MDEQ Defendants' appeal, as otherwise their statutory right to appeal the Order will be moot. MDEQ Defendants also request ex parte that this Court refrain from mailing a certified copy of the Remand Order to the state court clerk, pursuant to 28 U.S.C. § 1447(c), until the Court has decided the present Motion for Stay. If the Remand Order is not stayed, MDEQ Defendants, other Defendants, and Plaintiffs will be burdened with additional briefing, costs, discovery, class certification, and potentially even trial in the state court, which will all be for naught if MDEQ Defendants are successful on appeal.

## FACTUAL BACKGROUND

On October 6, 2016, the Court entered an Opinion and Order Granting Plaintiffs' Motion for Remand. (Dkt. No. 50). On October 19, 2016, MDEQ Defendants filed a timely Notice of Appeal with the Court. (Dkt. No. 52). Now MDEQ Defendants request that the Court enter an Order staying the Remand Order while MDEQ Defendants' Joint Appeal of the Remand Order is pending.

1

# ARGUMENT

## I. STANDARD OF REVIEW

An order remanding a case to the State court from which it was removed is reviewable by appeal if the case was removed pursuant to 28 U.S.C. § 1442. (28 U.S.C. § 1447(d)). Federal Rule of Appellate Procedure 8(a)(1)(A) authorizes this court to stay the order, and therefore the case, pending appeal. "The Court has inherent power to stay proceedings and to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Mobley v. City of Detroit*, 938 F. Supp. 2d 688, 690 (E.D. Mich. 2013).

In the context of remand orders, "[i]t is clear that, where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991). Similarly, courts in other circuits have held that district courts have the ability to reopen a case for the limited purpose of staying a remand order to facilitate an appeal of that order. *Dalton v. Walgreen Co.*, 2013 U.S. Dist. LEXIS 75086 (E.D. MO May 29, 2013 (unpublished)) (court had jurisdiction to reopen the case for the limited purpose of staying the remand order, because to hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render hollow the statutory right to appeal a CAFA remand order) (attached as **Exhibit 1**).

2

The Sixth Circuit Court of Appeals has identified four factors to consider in determining whether a stay is warranted: (1) the likelihood that the parties seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (granting stay pending appeal). "These factors are not pre-requisites that must be met, but are interrelated considerations that must be balanced together." *Id.*

## II. THE DISTRICT COURT SHOULD STAY ITS REMAND ORDER PENDING MDEQ DEFENDANTS' APPEAL OF THE OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND.

Defendants Joint Motion to Stay the Remand Order should be granted under the "interrelated considerations" the Court balances when considering a motion for stay pending appeal. Staying the Remand Order will prevent the MDEQ Defendants from expending resources in state court for briefing, discovery, and potentially class certification and trial while the Sixth Circuit Court determines whether the case should even proceed in state, rather than federal, court. Plaintiffs will suffer no harm if the Remand Order, and thus the case, is held in abeyance

until the appeal is resolved, but rather will also be saved from potentially wasting the time and expense of litigating this case in the wrong court.

### A. MDEQ Defendants Can Show the Existence of "Serious Questions Going to the Merits" of Their Appeal.

With regard to the first consideration, the likelihood of prevailing on appeal, Defendants need not show a "high probability of success on the merits" and "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the party] will suffer absent the stay." *Michigan Coalition of Radioactive Material Users, Inc.*, 945 F.2d at 153. The existence of "serious questions going to the merits" is enough. *Id.* at 154. MDEQ Defendants satisfy this first consideration, especially in light of the irreparable injury that the MDEQ Defendants, other Defendants, and Plaintiffs will suffer absent a stay.

MDEQ Defendants removed this action to federal court in part pursuant to 28 U.S.C. § 1442, which applies to private individuals who are acting under a federal officer or agency, performed the actions for which the defendant is being sued under the direction of a federal officer or agency, and who have raised a colorable federal defense. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010). Plaintiffs filed a Motion for Remand (Dkt. No. 18). MDEQ Defendants responded in opposition to Plaintiffs' motion. (Dkt. No. 29).

4

All of the arguments presented in MDEQ Defendants' Notice of Removal and their Brief Opposing Remand raise "serious questions going to the merits." To avoid duplication, all of these arguments will not be repeated here (Dkt. No. 29). In summary, the MDEQ Defendants' Brief Opposing Remand argued that Plaintiffs had sued the MDEQ Defendants under various tort theories for the MDEQ Defendants' regulatory and enforcement actions under the Safe Drinking Water Act ("SDWA"), duties and actions that would otherwise have to be performed by the United States Environmental Protection Agency ("USEPA"). The MDEQ Defendants were authorized to act for the USEPA in executing and enforcing the SDWA and its Lead and Copper Rule ("LCR") pursuant to statutory and regulatory obligations undertaken by the State of Michigan to the USEPA. *Clio Convalescent Center v. Mich. Dept. of Consumer and Industry Services*, 66 F. Supp. 2d 875, 877 (E.D. Mich. 1999). Moreover, the MDEQ Defendants raised colorable federal defenses and produced ample documentation to show that the MDEQ Defendants were subject to ongoing supervision, guidance, and control from the USEPA in carrying out enforcement of the SDWA and LCR. *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 153; 127 S. Ct. 2301; 168 L. Ed. 2d 42 (2007).

As demonstrated in a limited fashion above and more thoroughly in MDEQ Defendants' Brief Opposing Remand, MDEQ Defendants have raised "serious questions going to the merits" which are sufficient to weigh in favor of holding the

5

Remand Order, and the discovery, additional briefing, and other proceedings that would follow in state court, in abeyance pending appeal.

### B. Allowing the Case to be Remanded and Proceed in State Court While the Appeal is Pending Would Cause Irreparable Harm to MDEQ Defendants.

The second consideration, irreparable harm, strongly weighs in favor of staying the Remand Order. Under 28 U.S.C. § 1447(d), remand of an action removed to federal court pursuant to 28 U.S.C. § 1442 creates an appeal as of right. This statutory right of appeal would ring hollow if this Court does not stay its Remand Order and this case begins to proceed in state court. See by way of comparison, the holding in *Dalton v. Walgreen Co., supra,* (attached as **Exhibit 1**). State court proceedings pursuant to the Remand Order would effectively destroy what MDEQ Defendants respectfully submit is their right pursuant to 42 U.S.C. § 1442 to have this case heard in federal court.

This appeal is comparable to an interlocutory appeal, because the case will continue to proceed in state court pursuant to the Remand Order even though the remand closes the case in federal court. "The notion supporting interlocutory jurisdiction is to give a party the opportunity to prevent an irreparable harm at an early stage when that opportunity will not exist upon a final disposition of the case." *Sims Varner & Assocs., Inc. v. Blanchard*, 794 F.2d 1123, 1128 (6th Cir. 1986).

6

MDEQ Defendants seek appellate review of the Remand Order in an effort to avoid the irreparable harm that will flow from this adverse ruling remanding the case. Litigating this case, in whole or in part, in state court prior to the Sixth Circuit determining whether the case is properly before the state court will result in irreparable harm to Defendants' statutory right to have federal jurisdiction reconsidered by the Sixth Circuit. MDEQ Defendants' appeal seeks to prevent the irreparable harm of litigating in the wrong forum, as well as the harm of costs (and time) for additional briefing, discovery, and potentially class certification and trial while seeking an appeal of the remand ordered in this case.

### C. The Public Interest Weighs in Favor of Staying the Remand Order Pending the Outcome of the Appeal, Which Would Not Create Irreparable Harm to Plaintiffs.

Plaintiffs face no irreparable harm if the Remand Order is stayed pending the outcome of the appeal to the Sixth Circuit Court. Any delay caused by staying the Remand Order will not result in any harm to Plaintiffs, as all proceedings will be effectively stayed. Rather, Plaintiffs also will be spared from the irreparable harm of potentially litigating this case in the wrong forum pending the outcome of the appeal, including costs and time spent on additional briefing, discovery, and potentially class certification.

The public interest also weighs in favor of staying this Court's Remand Order pending MDEQ Defendants' appeal. Absent a stay of the Remand Order, the

MDEQ Defendants, along with the other public entities and officials involved in this litigation, would be forced to litigate this case in potentially the wrong forum, incurring unnecessary costs at the expense of the State of Michigan, and ultimately the state's taxpayers. The public interest calls for avoiding unnecessary litigation and costs, rather than expending resources on motion practice, discovery, and class certification proceedings in the state court which may largely be rendered moot and warrantless by the outcome of MDEQ Defendants' appeal.

## CONCLUSION AND REQUEST FOR RELIEF

MDEQ Defendants respectfully request that this Court enter an Order staying the Court's Remand Order (Dkt. No. 50) pending Defendants' appeal of the Court's Remand Order, grant their ex parte emergency request to refrain from mailing a certified copy of the Remand Order to the clerk of the state court pursuant to 28 U.S.C. § 1447(c) until the Court has ruled upon MDEQ Defendants' Motion to Stay, and grant such other relief as this Court deems proper

Respectfully Submitted,

| | |
|---|---|
| Foster, Swift, Collins & Smith, P.C.<br>Attorneys for Defendant Patrick Cook,<br>Adam Rosenthal, and Michael Prysby | Fraser, Trebilcock, Davis & Dunlap<br>Attorneys for Defendant Liane<br>Shekter Smith |
| By: */s/ Charles E. Barbieri*<br>     Charles E. Barbieri (P31793)<br>     Bruce A. Vande Vusse (P28547)<br>     Ray H. Littleton II (P69733)<br>     Allison M. Collins (P78849) | By: */s/ Thaddeus E. Morgan* (w/permission)<br>     Thaddeus E. Morgan (P47394)<br>     124 West Allegan Street, St 1000<br>     Lansing, MI 48933<br>     (517) 482-5800 |

8

|  |  |
|---|---|
| 313 S. Washington Square<br>Lansing, MI 48933<br>(517) 371-8100<br>cbarbieri@fosterswift.com | tmorgan@fraserlawfirm.com |
| Clark Hill PLC<br>Attorneys for Bradley Wurfel | Kotz Sangster Wysocki, P.C.<br>Attorneys for Stephen Busch |
| By: /s/ Michael Pattwell (w/permission)<br>Jay M. Berger (P57663)<br>Michael J. Pattwell (P72419)<br>212 E. Grand River Ave.<br>Lansing, Michigan 48906<br>(517) 318-3043<br>jberger@clarkhill.com<br>mpattwell@clarkhill.com | By: /s/ Philip Grashoff, Jr (w/permission)<br>Philip A. Grashoff, Jr. (P14279)<br>36700 Woodward Ave., Suite 202<br>Bloomfield Hills, MI 48304<br>(248) 646-1050<br>pgrashoff@kotzsangster.com |

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2016, I directed Wendy Paul to electronically file the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

Dated: October 19, 2016

    s/ Charles E. Barbieri
Charles E. Barbieri (P31793)
Foster, Swift, Collins & Smith, P.C.
313 S. Washington Square
Lansing, MI 48933-2193
(517) 371-8155
cbarbieri@fosterswift.com

32972:00001:2845480-2

9