UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA MAYS, et al., | Case No. 16-cv-11519 |
| Plaintiffs, | Genesee Co. Cir. Ct. Case# 16-106112-CZ |
| v. | |
| CITY OF FLINT, a municipal Corporation, et al., | HON. JOHN CORBETT O'MEARA |
| MAJZOUB | MAG. JUDGE MONA K. |
| Defendants. | CLASS ACTION |

_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MDEQ DEFENDANTS' JOINT MOTION TO STAY REMAND ORDER PENDING APPEAL AND EX PARTE EMERGENCY REQUEST FOR THE COURT CLERK TO REFRAIN FROM MAILING A CERTIFIED COPY OF THE REMAND ORDER**

**INTRODUCTION**

On January 19, 2016, Plaintiffs filed a proposed class action in Genesee County Circuit Court against Defendants City of Flint, City of Flint's employees, State employees of the Michigan Department of Health & Human Services, and State Employees of the Michigan Department of Environmental Quality ("MDEQ Defendants"). Plaintiffs' complaint set forth claims under state law against these state and city officials. On April 27, 2016, the State MDEQ Defendants, only, filed a joint notice of removal to this Court.

On October 6, 2016, this Court ruled that it lacked jurisdiction over Plaintiffs' claims against MDEQ Defendants, and therefore, granted Plaintiffs' Motion to Remand the matter back to Genesee County Circuit Court. This Court specifically rejected Defendants' claim that removal of this case was proper based upon 28 U.S.C. § 1441 (substantial federal question) and/or § 1442 (federal officer removal statute). This Court then determined that it lacked jurisdiction over Plaintiffs' claims against the MDEQ Defendants, ruling that Defendants were not entitled to remove this case "based either upon a substantial federal question or the federal officer statute." Dkt. # 50, *Mays, et al. v. City of Flint, et al.*, Opinion and Order Granting Plaintiffs' Motion to Remand, p. 13.

Following the decision, this Court immediately sent certified copies of the Order of Remand to the Genesee County Circuit Court pursuant to 28 U.S.C. § 1447(d). (Ex. 1, Dkt. # 51). On October 7, 2016, the Genesee County Circuit Court docketed an order reopening proceedings in this case. Matters have been proceeding in that Court since that date.

Nearly two weeks after the Genesee County Circuit Court reclaimed jurisdiction of this case, the MDEQ Defendants filed a motion requesting this Court to order the federal Court Clerk to refrain from mailing a certified copy of the remand order. Defendants also asked this Court to assert jurisdiction over this case, and issue a stay pending their appeal of this Court's October 6th remand order. As the

Court Clerk has already mailed a certified copy of the remand order on October 6, 2016, this Court has no jurisdiction to issue a stay. Accordingly, Defendants' motion is meritless.

In addition to asking this Court to stay an action that has already occurred, i.e. the filing of the certified order of remand, Defendants also ask this Court to exercise jurisdiction despite the fact that this Court has already determined that no federal court jurisdiction exists and that the MDEQ Defendants' initial removal to federal court was improper. The law is clear that this Court is divested of jurisdiction once a remand decision has been made and a remand order has been sent to the State Court. Therefore, Defendants' motion must be denied in its entirety.

## ARGUMENT

**I.     This Matter has been Properly Remanded to the Genesee County Circuit Court and this Court Lacks Jurisdiction to Issue a Stay or Rescind the Certified Order.**

Defendants urge this Court to somehow take jurisdiction back from Genesee County Circuit Court, reopen its ruling granting Plaintiffs' Motion for Remand, and stay its removal order while Defendants seek to pursue an appeal in the Sixth Circuit. There is no support for such an action and Defendants provide no relevant authority in support of their motion.

Defendants cite to *Dalton v. Walgreen Co* 2013 U.S. Dist LEXIS 75086 (ED Mo 5/29/13)[1], an unpublished case from the Eastern District of Missouri as authority for this Court to assert jurisdiction over a case that is now proceeding in the Genesee County Circuit Court. Aside from its lack of precedential effect, this case and others cited by Defendant lacks persuasive value because of the clear differences in factual situations between those cases which involved remand orders under the Class Action Fairness Act (CAFA) 28 U.S.C. § 1453(a), and the instant case. Under CAFA, Defendants have a right to expedited appeals of orders of remand. In CAFA cases, where the order of remand must be appealed within 10 days and a decision on appeal must be issued within 60 days, some courts have determined that a limited stay, conditioned on the shortened time for appellate review would be appropriate.

In contrast, Defendants have appealed this Court's remand order that it had no jurisdiction in the first instance based on Defendants' failure to demonstrate that, as state officers being sued for violation of state law, they fall within the federal officer defense. There is no expedited process and there is no exceptional circumstances that would allow this Court to assume jurisdiction in this matter after the case has been remanded to the state court where proceedings have resumed.

---

[1] On appeal the Eighth Circuit affirmed the district court's order remanding the case back to state court as Walgreens had no statutory basis for removal. *Dalton v. Walgreen Co.,* 721 F.3d 492 (8th Cir. 2013).

## II. Defendants have Failed to Demonstrate a Basis for a Stay of Proceedings Pending Appeal.

Defendants bear the burden of showing that the circumstances justify this Court exercising its discretion to grant a stay pending appeal. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Defendants have to make a "strong showing that they are likely to succeed on the merits," as well as demonstrate that they will be "irreparably injured absent a stay." *Serv. Employees Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012). Defendants proffer no support for reversal of this Court's proper jurisdictional ruling. Defendants' argument of irreparable harm absent a stay fails to present any facts to support the alleged harm in contrast to the apparent harm to Plaintiffs in delaying their right to trial in this matter.

### A. Defendants have demonstrated no likelihood of success on appeal in reversing this court's proper ruling that Defendants were neither acting under a federal official nor have a valid federal defense in order to qualify for removal of Plaintiffs' state court action, to federal court, pursuant to 28 U.S.C. §1442.

Defendants' request that this Court stay its remand while they pursue an appeal of this Court's ruling is unsupported. The sole issue on appeal is whether the Defendants demonstrated a basis for federal court jurisdiction. Defendants' simple assertion that they have raised "serious questions" going to the merits of the validity of their removal of this case to federal court is wholly insufficient to meet its burden to demonstrate that they are likely to succeed on appeal in reversing this Court's

ruling that Defendants, who are state officials, failed to "demonstrate" that they "acted under a federal official" or performed the actions for which they are being sued "under color of federal officers," such that, removal under the federal officer's statute would be warranted. *Cf. Mays, et al. v. City of Flint, et al.*, Opinion and Order Granting Plaintiffs' Motion to Remand, Dkt. # 50, p. 11.

Defendants have not made a credible showing that they are likely to succeed on appeal under, even the most relaxed standard. However, Defendants have a *higher* burden in demonstrating a likelihood of success on the merits, in the context of requesting a stay pending appeal. Whereas a decision on whether to grant a preliminary injunction is "generally accorded a great deal of deference," it is based on incomplete legal research and factual findings. In contrast, Defendants' motion for stay pending appeal is being made after the District Court fully considered the merits of the issue and rendered its decision.

Defendants, in seeking this stay, must in essence demonstrate that "there is a likelihood of reversal." *See Michigan Coalition of Radioactive Material Users, Inc v Griepentrog*, 945 F 2d 150, 153 (6th Cir 1991). Defendants have not proffered even a reasonable critique of this Court's ruling that would demonstrate the likelihood of reversal.

**B. Defendants will not be irreparably harmed absent a stay.**

The Defendants' only argument concerning the second central factor to consider in granting a stay – whether Defendants will be irreparably harmed absent a stay pending appeal – is that absent a stay there may be a "waste of time and expenses" from litigating in the wrong court.[2]

Simply defending litigation cannot constitute irreparable harm, and this argument has been routinely rejected by the Sixth Circuit. In *Capital One Bank (USA) N.A. v. Jones*, 710 F.Supp. 634, 637 (N.D. Ohio 2010), defendants argued that a stay of the remand order should be granted for the same reasons Defendants proffer in this case. The Court in denying the defendants' stay pending appeal of a remand order, held:

> [D]efendant argues that if the Sixth Circuit were to reverse, its efforts to litigate the case in state court would be wasted. But that potential injury is not irreparable, as the Sixth Circuit has explained, "[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough." *Baker v. Adams County/Ohio Valley Sc. Bd.,* 310 F.3d 927, 930 (6th Cir. 2002).

---

[2] This position is somewhat contrary to Defendants' recent argument to this Court opposing Plaintiffs' motion to hold the briefing, on Defendants' motion to dismiss, in abeyance pending this Court resolving the jurisdiction issue presented by Plaintiffs' motion to remand. Defendants argued that Plaintiffs' should respond to Defendants' motion to dismiss in this Court because "any efforts Plaintiffs expend now to address MDEQ Defendants' motion to dismiss would not be in vain as Plaintiffs will be required to confront MDEQ Defendants' arguments either in this Court or the State Courts." Dkt. # 48, MDEQ Defendants' Joint Response to Plaintiffs' Motion to Hold Summary Disposition Briefing in Abeyance, 09/01/16, Brf., p. 5, 7. In essence, Defendants argued that the issues to be addressed were identical and interchangeable.

In determining what constitutes a sufficient showing of irreparable harm to warrant a stay, the Supreme Court has cautioned that the language is "irreparable" and the assertion that the litigation will be costly is insufficient to meet this standard. *Sampson v. Murray*, 415 U.S. 61, 90; 94 SCt. 937 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough.")  MDEQ Defendants have failed to demonstrate any irreparable harm warranting a stay of proceeding in this case.

### C. Plaintiffs and the public will be harmed if a stay is granted.

In contrast, any further delay to Plaintiffs proceeding with their case will cause ongoing harm by delaying the Plaintiffs opportunity for discovery and resolution of their case.

A stay would also cause harm to all other parties, including the other Defendants who did not join in the removal, and other parties engaged in similar Flint water cases pending in the Genesee Circuit Court, by holding up the litigation and postponing a final resolution. *Capital One Bank, supra* at 637.  The Genesee Circuit Court has before it multiple Flint water cases and the court is actively engaged in working with all parties to develop a comprehensive case management order addressing discovery, class certification, and pre-trial matters in a way that will allow all cases to proceed together in a fair manner to all parties to avoid duplication and confusion.

The public interest also strongly supports the denial of the stay in this case which involves serious issues and injuries suffered by the Plaintiff citizens of Flint. *See, e.g.*, *Liberty Coins, LLC v Goodman*, 748 F 3d 682, 690 (6th Cir. 2014) (recognizing that ongoing civil rights and/or constitutional violations "unquestionably constitutes irreparable injury" and it is "always in the public interest to prevent the violation of a party's constitutional rights.").

## **CONCLUSION**

Plaintiffs request that the Court deny Defendants' motion in its entirety.

Respectfully submitted,

By: */s/ Beth M. Rivers P33614*
Michael L. Pitt P24429
Cary S. McGehee P42318
Beth M. Rivers P33614
Peggy Goldberg Pitt P31407
Pitt McGehee Palmer & Rivers, PC
***Attorneys for Plaintiffs***
117 W. Fourth St., Suite 200
Royal Oak, MI 48067
(248) 398-9800

Dated: November 2, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing as well as via U.S. Mail to all non-ECF participants.

s/*Regina Bell*
Regina Bell
