UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA MAYS, *et al.*,

Plaintiffs,

v

CITY OF FLINT, a municipal corporation, *et al.*,

Defendants.

Case No. 5:16-cv-11519-JCO-MKM

Genesee County Circuit Court No. 16-106112-CZ

Judge John Corbett O'Meara

Magistrate Judge Mona K. Majzoub

CLASS ACTION

**MDEQ DEFENDANTS' REPLY BRIEF IN SUPPORT OF JOINT MOTION TO STAY REMAND ORDER**

# TABLE OF CONTENTS

TABLE OF CONTENTS ... i

INDEX OF AUTHORITIES ... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ... iv

ARGUMENT ... 1

I. THIS COURT HAS JURISDICTION TO STAY ITS REMAND ORDER. ... 1

II. THE MDEQ EMPLOYEE DEFENDANTS HAVE SHOWN THAT A STAY IS WARRANTED IN THIS CASE. ... 2

A. MDEQ Defendants Have Raised Serious and Substantial Questions Going to the Merits of Their Appeal. ... 2

B. Infringement of MDEQ Defendants' Statutory Right to Appeal Absent a Stay Constitutes Irreparable Harm. ... 4

C. Plaintiffs Fail to Show How They or the Public Interest Will Be Harmed By a Stay. ... 5

CONCLUSION AND REQUEST FOR RELIEF ... 7

# INDEX OF AUTHORITIES

## Cases

*Am. Life Ins. Co. v. Stewart*, 300 U.S. 203 (1937) .......... 5

*Bauman v. Twp. of Tittabawassee,* 2014 U.S. Dist. LEXIS 153905 (E.D. Mich. October 30, 2014) .......... 6

*Clio Convalescent Center v. Mich. Dept. of Consumer and Industry Services*, 66 F. Supp. 2d 875 (E.D. Mich. 1999) .......... 3

*Dalton v. Walgreen,* 2013 U.S. Dist. LEXIS 75086 (E.D. Mo. May 29, 2013) .......... 1

*Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp 2d 1144 (D. Colo. 2002) .......... 4

*Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100 (6th Cir. 1982) .......... 4

*Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151 (3d Cir. 1998) .......... 1

*In re Shell Oil Co*., 932 F.2d 1523 (5th Cir. 1991) .......... 1

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .......... 5

*Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1083 (D. Haw. 1998) .......... 2

*Watson v. Phillip Morris Cos*., 551 U.S. 142 (2007) .......... 4

## Statutes

28 U.S.C. § 1367 .......... 1

28 U.S.C. § 1442 .......... 2, 5

28 U.S.C. § 1447(d) .......... 2

40 C.F.R. § 141.81(a)(1) .......... 4

40 C.F.R. § 141.81(e) .......... 4

40 C.F.R §§ 142.10-.11 .......... 3

40 C.F.R. §§ 142.15 -.19 .......... 3

42 U.S.C. § 1414(c)(3)(A)(i) .......... 3

42 U.S.C. § 300g-2 .......... 3

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

28 U.S.C. § 1447(d)

*Dalton v. Walgreen,* 2013 U.S. Dist. LEXIS 75086 (E.D. MO. May 29, 2013)

*Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151 (3d Cir. 1998)

*In re Shell Oil Co.*, 932 F.2d 1523 (5th Cir. 1991)

*Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1083 (D. Haw. 1998)

## ARGUMENT

Plaintiffs' opposition to the stay request does not dispute that MDEQ Defendants have a statutory right to appeal the Remand Order. Instead, Plaintiffs assert, without providing any legal authority, that this Court lacks jurisdiction to stay its own Order because a certified copy of the Remand Order has been sent to the state court by the court clerk. Plaintiffs also argue incorrectly that MDEQ Defendants have not met their burden to show that a stay is warranted in this case.

### I. THIS COURT HAS JURISDICTION TO STAY ITS REMAND ORDER.

Despite Plaintiffs' assertions to the contrary, this Court does have the authority and jurisdiction to stay the Remand Order pending an appeal as of right, even after a certified copy of the Notice of Remand has been sent to the state court. Several federal courts have held correctly that a district court has jurisdiction over a remand order even after certifying the order to the state court where the remand is reviewable on appeal. *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (when a remand order is reviewable on appeal, the district court has jurisdiction to review, vacate, or reinstate its remand order after the Notice of Remand has been mailed); *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 159 (3d Cir. 1998) (mailing of remand order to state court does not divest a district court of jurisdiction over an appealable remand order issued under 28 U.S.C. § 1367); *Dalton v. Walgreen,* 2013 U.S. Dist. LEXIS 75086 (E.D. Mo. May 29, 2013) (court has jurisdiction to reopen case for limited purpose of staying remand order

pending appeal); *Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1083, 1085 (D. Haw. 1998) (court could stay remand order reviewable on appeal after mailing certified copy to the state court).

Plaintiffs' assertion that this Court only has jurisdiction to stay a Remand Order pending appeal in the exceptional case of an expedited CAFA appeal is unsubstantiated. (Dkt. No. 55, Page.ID 2160). The consensus of the above cases is that a District Court only lacks jurisdiction over a case following certification of the remand order to a state court if appeal of the order is precluded by 28 U.S.C. § 1447(d). Since MDEQ Defendants have a statutory right to appeal the Remand Order due to the denial of federal officer removal under 28 U.S.C. § 1442(a)(1), this Court correspondingly retains jurisdiction to stay or otherwise reconsider its Remand Order even after the case is returned to the state court.

## II. THE MDEQ EMPLOYEE DEFENDANTS HAVE SHOWN THAT A STAY IS WARRANTED IN THIS CASE.

### A. MDEQ Defendants Have Raised Serious and Substantial Questions Going to the Merits of Their Appeal.

MDEQ Defendants submit that their Brief Opposing Remand raises serious and substantial questions going to the merits of the appeal which warrant a stay of the Remand Order. Without limitation, MDEQ Defendants respectfully submit that the Remand Order incorrectly limited the application of federal officer removal to instances where a state agency acted on behalf of a federal agency pursuant to a contract. However, previous holdings within the Eastern District have recognized that a Michigan governmental agency (through its employees) implementing and

enforcing federal regulations pursuant to its obligations to a federal agency under **statutes, regulations, or a contract** is entitled to federal officer removal. *Clio Convalescent Center v. Mich. Dept. of Consumer and Industry Services*, 66 F. Supp. 2d 875, 877 (E.D. Mich. 1999). MDEQ Defendants set forth ample authority and inter-agency documentation showing that their conduct was undertaken pursuant to regulatory and statutory obligations owed by the MDEQ to the USEPA, that MDEQ relied upon the USEPA for guidance, and that USEPA Region 5's involvement in decision-making was intense, detailed, and continuous. In addition, the USEPA provides the MDEQ's primary funding for SDWA administration and enforcement, and requires ongoing, detailed reporting. 42 U.S.C. § 1414(c)(3)(A)(i); 40 C.F.R. §§ 142.15 -.19; Exhibits E, F, and Q to Brief Opposing Remand. In fact, in the absence of MDEQ Defendants enforcing the SDWA on the USEPA's behalf, USEPA federal officers in each regional office or at its headquarters would have to fulfill the obligations undertaken by the MDEQ and the MDEQ Defendants. 42 U.S.C. § 300g-2. See also 40 C.F.R §§ 142.10-.11.

Additionally, while the District Court's Remand Order correctly stated that complying with federal law by itself does not transform the MDEQ Defendants into federal officers (Dkt. No. 50, p. 11, Page.ID 2126), the Court's Remand Order, respectfully, did not appreciate that: (1) MDEQ Defendants were obligated to

enforce the SDWA,[1] not merely comply with the regulatory scheme as was the case in *Watson v. Phillip Morris Cos.*, 551 U.S. 142 (2007), and (2) non-federal actors are entitled to federal officer removal when the federal authority under which they worked required them to act as they did.[2] See *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp 2d 1144, 1155 (D. Colo. 2002).

**B. Infringement of MDEQ Defendants' Statutory Right to Appeal Absent a Stay Constitutes Irreparable Harm.**

Despite Plaintiffs' attempt to argue that MDEQ Defendants have raised only economic concerns,[3] MDEQ Defendants assert that they will be irreparably harmed because their federal statutory rights will be undermined by state court

---

[1] MDEQ Defendants provided lengthy legal analysis and evidentiary support showing precisely how these Defendants enforced the SDWA under the direction, control, and oversight of the USEPA. See Dkt. No. 29, PageID 618-631.

[2] MDEQ Defendants have explained how the federal Lead and Copper Rule ("LCR"), in the face of a new water source and a new treatment facility that did not have an existing optimized corrosion control program, required two six month rounds of lead and copper testing to determine to what extent, if any, corrosion control was necessary. 40 C.F.R. § 141.81(a)(1). There was no corrosion control program for Flint to maintain. The federal LCR required MDEQ Defendants to allow Flint one year of monitoring, to rely upon certifications of sampling and testing submitted by Flint which showed that lead levels were not above the action level, and to allow Flint statutorily set time periods in which to evaluate and optimize their public water supply. 40 C.F.R. § 141.81(e).

[3] Plaintiffs correctly cite that economic damages alone do not constitute irreparable harm, but this normally applies when there is an adequate remedy at law for recovering those damages. *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100 (6th Cir. 1982). Here, Plaintiffs are not required to post a bond for any unnecessary costs, which cannot otherwise be recovered.

proceedings. Not only will the MDEQ Defendants' statutory right of appeal ring hollow, the crux of MDEQ Defendants' Sixth Circuit appeal is that they are entitled under federal law to have all aspects of this case decided by a federal court. 28 U.S.C. § 1442. This federal statutory right will be infringed upon and potentially rendered meaningless by any proceedings in the state court.

Additionally, the United State Supreme Court has held repeatedly that the power to stay is incident to the court's inherent power to control the disposition of cases to promote the economy of time and effort for itself, counsel, and litigants. *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203 (1937); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). To allow this case to proceed simultaneously in the Sixth Circuit and the state court will waste judicial resources and effort. Here, there is no remedy available for the MDEQ Defendants and other Defendants to recover the wasted resources, time, and effort that will be undertaken if this Court's Remand Order is not stayed.[4]

### C. Plaintiffs Fail to Show How They or the Public Interest Will Be Harmed By a Stay.

Plaintiffs claim that they will be harmed by delaying these proceedings because they will not be able to participate in the state court's case management efforts of pending lawsuits. However, any such harm is is not irreparable to the Plaintiffs, but to their attorneys who apparently wish to seek lead counsel status.

---

[4] As a practical matter, all briefing on the Sixth Circuit Appeal is scheduled to be completed by the end of January 2017. **Exhibit 2.**

The interests of Plaintiffs will be represented in the state court proceedings via counsel for other cases that also have filed class action lawsuits, if the appellate court determines that this case belongs in state court. Moreover, the potential delay will be of short duration, as all briefing in the Sixth Circuit is scheduled to be completed in January 2017. In contrast, Plaintiffs' claimed harm from delay only serves to further drive home the substantial irreparable harm these Defendants will suffer absent a stay. These Defendants will be forced to participate in state court proceedings, including an attempt to organize hundreds of cases in which these Defendants are not involved, and may be subject to state court rulings detrimental to their claimed right to have a federal judge make all determinations in this case.

Plaintiffs also state, without elaboration, that potential infringement on a constitutional right constitutes irreparable harm to Plaintiffs. (Dkt. No. 55, Page.ID 2165). However, Plaintiffs have not alleged any constitutional violations against any Defendant in this case. Additionally, courts primarily only recognize irreparable harm related to an alleged constitutional violation in the context of First Amendment cases. See *Bauman v. Twp. of Tittabawassee,* 2014 U.S. Dist. LEXIS 153905 (E.D. Mich. October 30, 2014) (unpublished) (attached as **Exhibit 1**).

Moreover, Flint residents who may or may not become part of this lawsuit do not constitute the public, as Plaintiffs would suggest. If this Court's Remand Order is not stayed, state court proceedings will pose a burden to Michigan taxpayers and various Michigan public agencies and officials with limited

resources involved in this litigation, all while the Sixth Circuit Court of Appeals determines whether any proceedings should be taking place in that court.

## CONCLUSION AND REQUEST FOR RELIEF

MDEQ Defendants respectfully request that this Court enter an Order staying the Court's Remand Order (Dkt. No. 50) pending Defendants' appeal of the Court's Remand Order, and grant such other relief as this Court deems proper.

Respectfully Submitted,

Foster Swift Collins & Smith, PC
Attorneys for Defendants Patrick Cook, Adam Rosenthal, and Michael Prysby

By: */s/ Charles E. Barbieri*
Charles E. Barbieri (P31793)
Allison M. Collins (P78849)
313 S. Washington Square
Lansing, MI 48933
(517) 371-8100
cbarbieri@fosterswift.com

Fraser, Trebilcock, Davis & Dunlap, PC
Attorneys for Defendant Liane Shekter Smith

By: */s/Thaddeus. E. Morgan* (w/permission)
Thaddeus E. Morgan (P47394)
124 West Allegan Street, St 1000
Lansing, MI 48933
(517) 482-5800
tmorgan@fraserlawfirm.com

Clark Hill PLC
Attorneys for Bradley Wurfel

By: */s/ Michael J. Pattwell* (w/permission)
Jay M. Berger (P57663)
Michael J. Pattwell (P72419)
212 E. Grand River Ave.
Lansing, MI 48906
(517) 318-3043
jberger@clarkhill.com
mpattwell@clarkhill.com

Kotz Sangster Wysocki, PC
Attorneys for Stephen Busch

By: */s/ Philip A. Grashoff, Jr* (w/permission)
Philip A. Grashoff, Jr. (P14279)
36700 Woodward Ave., Suite 202
Bloomfield Hills, MI 48304
(248) 646-1050
pgrashoff@kotzsangster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2016, I directed Wendy Paul to electronically file the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

Dated: November 9, 2016

s/ Charles E. Barbieri
Charles E. Barbieri (P31793)
Foster, Swift, Collins & Smith, P.C.
313 S. Washington Square
Lansing, MI 48933-2193
(517) 371-8155
cbarbieri@fosterswift.com